STEPHEN H. POWERS et al., Appellants, v. GEORGE BENEDICT, Respondent.

A vendor of goods, the sale and delivery of which was induced by fraud on the part of the vendee, does not, by an effort to retake the entire property which is successful in part only, lose the right to pursue the vendee for the value of the unfound portion ; nor is the effort a defense to an action to recover possession, against one in whose hands a part is found.

Where, therefore, after the commencement of this action to recover the possession of goods alleged to have been so obtained by C., a fraudulent vendee, a portion of which goods were found in the possession of defendant who, as sheriff, had levied upon them under an execution against C., plaintiffs, with other creditors, instituted proceedings in bankruptcy against C., plaintiffs stating in their petition their demand to be for the value of that portion of the goods not retaken herein, *held*, that the bankruptcy proceedings were no defense ; that the bringing of this action was an election to disaffirm the contract of sale and reclaim the goods, and, so far as the goods were retaken, was final and conclusive ; but plaintiffs did not thereby lose the right to recover of the fraudulent vendee the value of the remainder.

Also *held*, that this conclusion was not violative of the rule prohibiting more than one action upon one claim ; that the contract of sale was avoided altogether, the claim in the bankruptcy proceedings being simply for the value of the goods converted.

(Argued March 22, 1882 ; decided April 11, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made June 14, 1881, which affirmed a judgment in favor of defendant, entered upon an order nonsuiting plaintiffs on trial.

This action was brought to recover possession of a quantity of goods which plaintiffs alleged had been delivered to Josiah E. Cummings under a contract of sale induced by fraud on the part of the vendee. The nature of the defense and the material facts are stated in the opinion.

*John D. Kernan* for appellants. There was a sufficient disaffirmance and rescission of the contract. (*Cobb* v. *Hatfield et al.*, 46 N. Y. 533; *Voorhies* v. *Earl*, 2 Hill, 288; *Morris* v. *Rexford*, 18 N. Y. 552, 556; *Kinney* v. *Kiernan*, 2 Lans. 492; reversed, 49 N. Y. 164; *Everett* v. *Coffin et al.*, 6 Wend. 603; *Pearse, Sur.* v. *Pettis*, 47 Barb. 276; *Sanger* v. *Wood*, 3 Johns. Ch. 416.) In order to rescind one contract, it is not necessary that all other contracts made on the same day should be rescinded. (*Ladd* v. *Moore*, 3 Sandf. 592; *Nellis* v. *Bradley*, 1 id. 560.) A party need not restore money paid, except in cases where such restoration will enable him to recover all of his property. (*Ladd* v. *Moore*, 3 Sandf. 592; *Pearse* v. *Pettis*, 47 Barb. 276.) A third person holding under a fraudulent vendee cannot allege in defense failure to restore, etc., to his grantor. (*Pearse* v. *Pettis*, 47 Barb. 276; *Austin* v. *Stevens*, 1 Metc. 558; *Town of Springport* v. *Teutonia Savings B'k*, 84 N. Y. 403.) The proceedings in bankruptcy are not an affirmance of the contract as to the goods replevied in this suit. (Bankrupt Law, § 19.) The contract cannot be revived and sued upon. Having disaffirmed as to the goods in this action involved, no subsequent proceedings could revive the contract as to those goods. (*King et al.* v. *Phillips et al.*, 8 Bosw. 603; *Morris* v. *Rexford*, 18 N. Y. 556, 557; *Stevens* v. *Hyde*, 32 Barb. 171, 181; *Kinney* v. *Kiernan*, 49 N. Y. 164; reversing 2 Lans. 492; *Moller et al.* v. *Tuska*, N. Y. W'kly Dig., Feb. 3, 1882, 413.) This defendant is a third person. He cannot set up failure to restore to Cummings, nor an affirmance as to Cummings. (*Pearse, Sur.* v. *Pettis*, 47 Barb. 276.)

*Edwin H. Risley* for respondent. By uniting in the petition, alleging and proving their debt on the contract and pro-

curing an adjudication of bankruptcy against their vendee, the appellants made a final and conclusive election to affirm the sale, and were properly nonsuited. (*Smith* v. *Jones*, 15 Johns. 229 ; *Farrington* v. *Payne*, id. 432 ; *Willard* v. *Sperry*, 16 id. 121 ; *Phillips* v. *Berick*, id. 137 ; *Miller* v. *Court*, 1 Wend. 488 ; *Guernsey* v. *Carver*, 8 id. 492 ; *Secor* v. *Sturgis*, 16 N. Y. 548 ; *O'Brien* v. *Lloyd*, 43 id. 248 ; *Loyd* v. *Brewster et al.*, 4 Paige's Ch. 537 ; *Sanger et al.* v. *Wood*, 3 Johns. Ch. 416, 420–1 ; *B'k of Beloit* v. *Beale*, 34 N. Y. 473 ; *Wright* v. *Pierce et al.*, 4 Hun, 353 ; *Kinney* v. *Kiernan*, 2 Lans. 492 ; *Butler* v. *Miller*, 1 Comst. 496 ; *Field* v. *Bland*, 81 N. Y. 239 ; *Sternbach* v. *Relief F. Ins. Co.*, 77 id. 498–501 ; *Wright* v. *Ritterman*, 4 Robt. 704 ; 1 Abb. [N. S.] 428.) The appellants could not pursue at the same time different and inconsistent remedies, treating the transaction as a purchase in one, and a tort in the other. (*Sanger* v. *Wood*, 5 Johns. Ch. 416–421 ; *Butler* v. *Miller*, 1 Comst. 496 ; *Kinney* v. *Kiernan*, 2 Lans. 492 ; 49 N. Y. 164 ; *Ormsby* v. *Dearborn*, 116 Mass. 386.) Something more than the mere bringing of a suit is necessary to make the election final and conclusive, and to constitute it the act must be a clear and affirmative one, changing the relations of the parties to the subject-matter, and which the party making the election cannot retrace without the other's consent. (*Decos* v. *Durklin*, 33 Ala. 47 ; *Bennett et al.* v. *Goldthwait*, 109 Mass. 494.) The appellants could not replevy the goods in this suit, and then sue Cummings in tort, institute proceedings in bankruptcy against him on the contract, and secure an adjudication in spite of his answer, without electing finally and conclusively to affirm the contract. (R. S. U. S., §§ 5027–8, 5077, 5105 ; Bump's Law and Practice of Bankruptcy [9th ed.], 34, 39, 51, 56, 57, 60 ; *Ex parte Wilson*, 1 Atk. 152 ; *Ex parte Lewis*, id. 754 ; *Ex parte Warder*, 3 Brown's Ch. 191 ; *Ex parte*, id. 216 ; *Ex parte Crandall*, 6 Ves. 446 ; *Ex parte Arundel*, 18 id. 231 ; *Ormsby* v. *Dearborn*, 116 Mass. 386 ; *Miller* v. *O'Kain*, 5 Hun, 39 ; *Birmingham Nat'l B'k* v. *Mozser*, 14 id. 607.) The adjudication was at least conclusive

evidence of such an election. (*Goddard* v. *Benson*, 15 Abb. 191; *Doty* v. *Brown*, 4 N. Y. 71; *Castle* v. *Noyes*, 14 id. 329, 331; *Brown* v. *Mayor*, 66 id. 385, 391; *Raymond* v. *Richmond et al.*, 78 id. 351, 354; *Tuska* v. *O'Brien*, 68 id. 446, 449; 1 Greenleaf's Evidence, §§ 527–530.) A total rescision was necessary. (*St. John* v. *Youmans*, N. Y. Week. Dig. 354; *Voorhees* v. *Earle*, 2 Hill, 288; *Cobb* v. *Hatfield*, 46 N. Y. 533; *Harris* v. *Eq. Life Ins. Co.*, 64 id. 199; *Schaffer* v. *Dietz*, 83 id. 300; *Guckinhimer et al.* v. *Angevine*, 81 id. 364; *Gould* v. *Cayuga B'k*, Ct. of App., 23 N. Y. Week. Dig. 244.)

DANFORTH, J. The action is to recover goods and chattels with damages for their detention. The defendant, first, justifies under executions issued to him as sheriff, for the enforcement of certain judgments against one Josiah E. Cummings, and second, avers that the goods in question were sold and delivered to said Cummings by the plaintiffs in the usual course of business, and that since the commencement of the action they have ratified the sale; *first*, by suing Cummings for the price, and *second*, by proceeding against him in bankruptcy upon the same demand.

Upon the trial of these issues, the plaintiffs gave such evidence as put the defendant to his answer, but at the close of all the evidence, the court nonsuited the plaintiffs. The correctness of this ruling is the only question before us. It was contended by the defendant that the plaintiffs failed to show, either that they ever had title to any of the goods in controversy, except one pair of shoes, or that fraud was practiced upon them by Cummings to induce a sale, or that a sufficient demand was made for their return. Upon these questions the plaintiffs asked to go to the jury. The request should, we think, have been granted. Each proposition was involved in the plaintiffs' cause of action, and when they rested, no suggestion was made that enough had not been shown to sustain it. This silence of the defendant and acquiescence on the part of the trial judge, although not conclusive, is entitled to some

weight in disposing of this point. We have, moreover, examined the whole evidence, and conclude that there was such, as the jury could reasonably act upon, and which, if in their opinion it was uncontradicted or unexplained, would permit a verdict in favor of the plaintiff.

There was also evidence put in by the defendant which the jury might think aided the plaintiffs upon all the points referred to. We do not comment upon it, for there must be a new trial, unless the other ground of motion for a nonsuit is fatal to the plaintiffs. It relates to the effect of proceedings in bankruptcy set up as an affirmative defense.

The defendant proved that after the action now before us was commenced, and on the 16th of September, 1876, a petition in bankruptcy was filed in the United States court by the plaintiffs in this action and others for the purpose of having Cummings declared a bankrupt. He was so adjudged in January, 1877. The demand stated in the ·petition was the value of that portion of the goods bought of the plaintiffs, which they did not retake in this action. It is well settled that when a contract is induced by fraud, that fact does not render it void, or prevent the property from passing, but gives the defrauded party a right, on discovering the fraud, to elect whether he will continue to treat the contract as binding, or disaffirm it and resume his property. The contract then continues until the party defrauded has determined his election by avoiding it, and when once rightfully determined, it is determined forever. (*Moller* v. *Tuska*, 87 N. Y. 166 ; *Morris* v. *Rexford*, 18 id. 552.)

The bringing of this action was undoubtedly an election to disaffirm the contract and reclaim the goods. So far as the goods are retaken, it is final and conclusive. A recovery could not afterward be had either for the price agreed to be paid for that part or their value. But it is not perceived how this can aid the defendant. The plaintiffs, by an effort to retake their entire property, if successful in part only, do not lose the right to pursue the original wrong-doer for the value of the unfound portion. Nor is their effort to do so an answer to an action

against one in whose hands they found that part. A wrong-doer carries away one hundred bags of grain; the owner recovers fifty by legal process from one who received it without consideration, and whose title is no better than that of the trespasser; does he thereby lose his right to recover the value of the remainder? Surely not. Nor is he bound to restore the fifty in order that the latter action can be maintained. (*Kinney* v. *Kiernan*, 49 N. Y. 164.) So the subsequent effort of these plaintiffs to obtain, in bankruptcy, compensation for the unfound portion of their goods is no obstacle to a recovery against a third person for so much of the fruits of the fraud as is found in his hands. (*Kinney* v. *Kiernan, supra*.) The last ground upon which the motion for nonsuit was placed is, therefore, untenable.

Nor is this conclusion against the rule of law that for one entire contract there should not be more than one action, nor concurrent suits at the same time upon one claim. The contract under which the plaintiffs parted with their goods is avoided altogether. The sheriff's title or right to the portion now in question is no better than that of the vendor, and if the fraud is established he must restore the goods. In the bankruptcy proceeding, the claim is against the purchaser for the value of goods converted. It may be conceded that the plaintiffs could neither sue the vendee for the price of goods embraced in the replevin suit, nor make it the foundation of proceedings in bankruptcy. They have neither sought to do so, nor attempted to rescind in part only. They rescind altogether. If they succeed in this action they will obtain part of the goods belonging to them, and so far as they collect in bankruptcy, it will be as compensation for goods taken and appropriated by the wrong-doer to his use, and from which conversion the law implies a promise to pay. But whether the claim is thus regarded, or as one for damages for conversion, it is provable under the bankrupt law. (U. S. R. S., § 5067.)

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except TRACY, J., absent.

Judgment reversed.