JULIUS M. WILE, SIMON STERN AND ISAAC WILE, RESPONDENTS, *v.* MARCUS BROWNSTEIN, APPELLANT.

J. DANIEL ACKERMAN AND HERMAN ACKERMAN, JR., RESPONDENTS, *v.* MARCUS BROWNSTEIN, APPELLANT.

DAVID A. SAHLEIN, LEOPOLD WILZINSKIE AND MAURICE D. SAHLEIN, RESPONDENTS, *v.* MARCUS BROWNSTEIN, APPELLANT.

*Election of remedies — when once made it cannot be altered — rights of a vendor, induced to sell goods by fraudulent representations made by the purchaser.*

Between September 13, 1882, and November 3, 1882, the plaintiffs sold and delivered to the defendant, upon credit, goods of the value of $882.50. November thirtieth the plaintiffs brought an action to replevy the goods, alleging that they were obtained by fraudulent representations and with an intent to cheat and defraud the plaintiffs.

In that action of replevin goods to the amount of $380 were replevied and delivered to the plaintiffs; the remainder had been previously sold by the defendant. The defendant served an answer in this action denying the fraud. Thereafter the plaintiffs served a notice, as provided in section 1719 of the Code of Civil Procedure, abandoning so much of their claim in the replevin action as related to the goods not replevied.

Thereafter, and during the pendency of the replevin action, the plaintiffs brought this action to recover the value of the goods not replevied, the bringing of the action of replevin and the abandonment of a portion of the claim therein made being alleged in the complaint in this action.

*Held,* that this action could not be maintained; that as the plaintiffs had elected to disaffirm the contract and bring an action for conversion they could not thereafter affirm the contract in part and sue thereon. (HARDIN, J., dissenting.)

APPEALS from judgments in favor of the plaintiffs, entered upon the trial of the above entitled actions by the court without a jury.

Between September 13, 1882, and November 3, 1882, the plaintiffs in the first of the above entitled actions sold and delivered to the defendant, upon credit, goods of the value of $882.50. November 30, 1882, the plaintiffs brought replevin for the goods, alleging that they were obtained by fraudulent representations, with intent on the part of the defendant not to pay for them, and to cheat and defraud the plaintiffs. Goods of the value of $380 were replevied and delivered to the plaintiffs. The remainder of the goods ($502.50) had been retailed by the defendant in the usual course of his business. The defendant answered in the replevin action, which is still pending, denying the fraud. March 10, 1883, the plaintiff served, pursuant to section 1719 of the Code of Civil Procedure, a notice upon the defendant, abandoning so much of their claim in the replevin action as related to the goods not replevied. In March, 1883, this action was brought. The complaint alleges that between September 13, 1882, and November 3, 1882, the plaintiffs sold and delivered to the defendant goods (being the same described in the replevin action); that they had brought an action of replevin to recover the property sold; that they had recovered therein goods of the value of $380, but had been unable to recover the chattels mentioned in this action; that they had subsequently abandoned that portion of the claim in the replevin action, and demands judgment for $502.50, the value of the goods not replevied. The defendant pleaded in abatement the pendency of the replevin action, and also that the plaintiffs having elected to rescind the sale and sue for the conver-

sion, that this action on the contract in affirmance of the sale could not be maintained. The court overruled the defense and judgment was entered for the amount claimed, with costs, from which the defendant appeals.

The facts in the other two actions were substantially the same, varying only in dates and amounts.

*Louis Marshall,* for the appellant.

*Samuel R. Stern,* for the respondents.

FOLLETT, J.:

Assuming that the plaintiffs were induced to sell their goods to the defendant by his fraudulent representations, they had a single cause of action. They were at liberty to elect, to affirm the contract, waive the tort and recover the contract-price, or they were at liberty to disaffirm the contract, sue in tort, recover such of the goods as could be replevied, and damages for the conversion of such as could not be replevied. They elected to disaffirm the contract, brought an action for the conversion, claimed a return of the goods or their value in case a return could not be had.

The remedies which the plaintiffs were entitled to adopt are clearly stated by DANFORTH, J., in *Moller* v. *Tuska* (87 N. Y., 169): " The plaintiffs, upon discovery of the fraud, had a choice of remedies — an action against Valk Brothers (the fraudulent purchasers), for the price according to the terms of sale; or replevin of the property, upon the ground that by reason of the fraud the contract of sale was avoided. \* \* \* The plaintiffs manifested their election by bringing this action. (Replevin against a vendee of the fraudulent purchaser.) After that, the other way of redress was not open to them; for, according to Comyn (Dig. Elect. C., § 2), if a man once determines his election it shall be determined forever. Hence, they could never successfully assert a claim against the purchaser under the contract, for the election to disaffirm it had been manifested, and to revoke it was not in their power." (*Wright* v. *Pierce,* 4 Hun, 351; Id., 6 T. & C., 651; *Bowen* v. *Mandeville,* 95 N. Y., 237; *Morris* v. *Rexford,* 18 id., 552.) In the case last cited, the defendant obtained possession of goods without making payment as agreed. The plaintiff brought

replevin and recovered part of the goods. He then brought an action on contract to recover the value of the remainder of the goods. He recovered a verdict at circuit, which was affirmed at General Term, but was reversed in the Court of Appeals on the ground that the plaintiff having elected to disaffirm the contract, he could not recover in the action unless he should be defeated in the replevin action, which would show that he had no right of election. It was distinctly held that the two causes of action were inconsistent, and that both could not be maintained.

No authority has been cited authorizing a plaintiff, after electing to sue in tort for a whole cause of action, and while the action in tort is pending, to divide his cause of action into two parts and maintain a second action on contract for the recovery of the other part, continuing at the same time his action in tort.

*Powers* v. *Benedict* (88 N. Y., 605) does not sustain the plaintiff's position. In that case a sheriff had taken on execution from a fraudulent vendee part of the goods purchased by him from the plaintiff, who brought replevin against the sheriff. Afterwards the fraudulent vendee was adjudged a bankrupt upon the plaintiff's petition. This was held not a defense in favor of the sheriff. Powers never had a cause of action against the sheriff for the entire demand, only for the goods he had taken. The demand was not split. The plaintiff had two independent causes of action, one against the fraudulent vendee and the other against the sheriff. In *Hersey* v. *Benedict* (15 Hun, 282), a sheriff was sued in replevin to recover part of the goods purchased by the fraudulent vendee, and it was held that a subsequent action against the fraudulent vendee in tort, for the fraud, was not a defense in favor of the sheriff. Here, again, were two independent causes of action against different persons, and both actions were in disaffirmance of the contract, not one in affirmance, and the other in disaffirmance of the contract, and not against the same defendant as in the case at bar.

In respect to the cases cited, in which it was claimed that proving a debt in bankruptcy amounted to an election of a remedy inconsistent with an action of replevin, it may be said that the bankrupt act provided: "All demands against the bankrupt for, or on account of, any goods or chattels wrongfully taken, converted or withheld by him, may be proved and allowed as debts to the

amount of the value of the amount of the property so taken or with-held, with interest." (Bank Act, § 19 ; U. S. Rev. Stat., § 5067.) By proving such a claim in bankruptcy, the contract is not affirmed, or the tort waived. Every constituent of the tort may be properly stated in the proof of debt.

In an action for the recovery of chattels where part have been replevied, the plaintiff may, by notice served before or with his notice of trial, abandon his claim to the chattels not replevied. (Sec. 1719, Code Civ. Pro.) The replevin action is not, as it might have been, an action for the recovery of chattels only, but it is for the recovery of such of the chattels as can be found and for damages for the conversion of those not found. (Code Civ. Pro., § 484, subd. 4.) Section 1719 furnishes no authority for abandoning a part of a cause of action embraced in a suit for conversion, waiving the tort as to that part and suing on that part in contract.

The judgment in each of the cases is reversed and a new trial granted, with costs to abide the event.

BOARDMAN, J., concurred.

HARDIN, P. J.:

I do not agree with the result reached by brother FOLLETT. Section 1719 of the Code of Civil Procedure allows the action of replevin to proceed for the chattels found and taken, and those "not replevied" are not affected by the action. The plaintiff may have his action proceed "as if the action had been brought to recover only the chattels which have been replevied." In a subsequent action for trover, or upon the case for damages, the party may recover without affirming the original contract. The conversion of part of the goods gives a right to recover their value in trover, or to waive the tort and recover their value. The principal is stated by TALCOTT, P. J., in *Hersey* v. *Benedict* (15 Hun, 288), and supported by cases there cited. That case is an authority binding upon us. It was affirmed by the Court of Appeals. In the case in hand the recovery need not rest upon the original contract. Indeed that was repudiated, and the party had a right to capture what goods were not disposed of and to have damages for those converted. Suppose part had been turned out by a fraudulent vendee to a creditor upon an antecedent debt, can there be any doubt that the vendor on discovery

of the fraud could retake from the vendee those remaining on hand, and from the transferee who had not acquired any title for value those thus held by the transferee. So, too, upon demand of the goods from the fraudulent vendee trover would lie, and from the party taking from the vendee, but without value and good faith, the goods might be demanded and trover maintained. This could be done without averring the fraud in the complaint. (*Claflin* v. *Taussig*, 7 Hun, 223.)

I think the judgments should be affirmed.

Judgment, reversed, and new trial ordered, costs to abide the event.