ISAAC HAYS, APPELLANT, v. BERNARD MIDAS AND LEWIS R. STEGMAN, SHERIFF OF KINGS COUNTY, RESPONDENTS.

*Election of remedies—not conclusive, when made in ignorance of the parties' rights.*

The plaintiff, having been induced by the false and fraudulent representations of the defendant to sell goods to him, commenced an action upon the contract of sale and procured therein an attachment against the goods which was issued to the sheriff. The goods were then held under fifteen other attachments

issued before the plaintiff's. Thereafter the plaintiff discontinued that action and commenced this action of replevin to recover the goods.

*Held,* that in the absence of evidence showing that the plaintiff had knowledge of the fraud at the time of commencing the action upon the contract, it was error to hold that the mere commencement of that action was a final adoption of the contract by the plaintiff and a waiver of the fraud.

APPEAL from a judgment in favor of the defendants, entered upon the direction of the court upon a question of law reserved for its consideration, after a verdict had been rendered at the Kings county circuit in favor of the plaintiff on the question of fraud.

The action was in replevin to recover goods which the plaintiff had been induced to sell to the defendant by his false and fraudulent representations.

*Blumenstiel & Hirsch,* for the appellant.

*Horwitz & Hershfield,* for the respondent Midas.

*James Troy,* for the respondent Stegman.

BARNARD, P. J.:

Midas obtained goods through a false and fraudulent purchase from the plaintiff. Hayes procured an attachment, upon the contract, against Midas and delivered the same to the sheriff of Kings county. There were fifteen attachments prior to the one procured by the plaintiff, and they all covered the goods which were procured by fraud from Hayes. Hayes discontinued his attachment suit, and commenced this action in replevin to recover the goods. The jury found the fraud, but the court held that the commencement of the attachment action was of itself a final adoption of the contract and waiver of the fraud. We think that the commencement only of an action based upon the contract is, if it was good, not sufficient to conclude the plaintiff forever. The claim that the action was commenced with full knowledge of the fraud, is only upon the assumed fact that the plaintiff knew of the fraud inducing the sale when the action was commenced to recover the price. It may have been the fact, but it does not appear. It would be a better inference, that on being apprised of the fraud the plaintiff discontinued his action upon the contract and reclaimed the property. Assuming that the plaintiff,

with knowledge of the fraud, commenced his action upon contract and subsequently discontinued it, there was no bar to this action. There are two cases in the Supreme Court which hold that there is no bar when an action is commenced and regularly discontinued upon the contract before the action is brought to reclaim the property, as if the title had not passed by reason of the fraud inducing the sale. (*Johnson* v. *Frew*, 33 Hun, 195; *Equitable Foundry Co.* v. *Hersee*, Id., 171.)

The plaintiff in the attachment action obtained nothing, or as the case states, the admission "obtained no property." The case cited in the Court of Appeals contains in the opinion expressions such as "the bringing of this action is conclusive against the party." (*Powers* v. *Benedict*, 88 N. Y., 605; *Moller* v. *Tuska*, 87 id., 166.) But the cases show nothing authoritative upon the question presented by this case. In *Powers* v. *Benedict* it was held that the bringing of an action to reclaim the goods was a bar, so far as the goods were taken under it. In *Moller* v. *Tuska* it was held that an action in replevin for the goods obtained by fraud was not barred by a subsequent application to the bankruptcy court for a dividend on the purchase-price of the goods. In *Acer* v. *Hotchkiss* (97 N. Y., 395) it was held that in that particular case there could be no action upon a contract induced by fraud, after the party had foreclosed the mortgage which was purchased by him under fraudulent representation. The facts in that case have no resemblance to those presented on this appeal. From an examination of the numerous cases cited, it seems that there must be a seizure of the goods to render an action upon the contract illegal, or a judgment must be obtained on the contract to bar the right to follow the goods as the property of the claimant, because there was no contract.

It would be impossible under the facts of the present case to hold this an absolute bar. It is conceded in the case that the action did not change the relation of the parties. The defendant, the sheriff, stands in no better position than his co-defendant. At best the question of election of remedies was one for the jury. The commencement of the action on contract is not proven to have been with full knowledge of the facts, and it may have been commenced by mistake in them, or by a failure of knowledge as to the legal

rights of the plaintiff. The judgment which set aside the verdict of the jury should be reversed, and the plaintiff should have judgment upon the verdict, with costs.

Pratt, J., concurred.

Judgment setting aside verdict reversed and judgment directed for plaintiff upon verdict, with costs.