(26 Misc. Rep. 372.)

### SEEMAN et al. v. BANDLER.

(Supreme Court, Appellate Term. February 24, 1899.)

1. ELECTION OF REMEDIES.

> Where a sale is procured by the fraud of the vendee, the vendor, by suing in replevin, is precluded from thereafter maintaining an action for the price in affirmance of the sale.

2. SAME.

> Nor can such vendor sue in replevin for any part of the goods sold, and thereafter maintain an action to recover for the balance thereof according to the terms of sale.

3. SAME.

> Though replevin based on the ground that the sale of the goods was procured by the fraud of the purchaser was brought against the latter's assignee or transferee, it constitutes an election on the part of the vendor to disaffirm the sale, and precludes him from suing the purchaser for the price of the goods.

4. SAME.

> An action for the price of goods sold cannot be maintained after plaintiff has sued in replevin for the goods, on the ground that the sale was procured by the vendee's fraud, even though plaintiff has served a notice in the replevin suit, as authorized by Code Civ. Proc. § 1719, abandoning his claim to the goods not replevied, and the second action seeks a recovery for such goods only.

Appeal from city court of New York, general term.

Action by Joseph Seeman and others against Gabriel Bandler for goods sold and delivered. From an order of the general term of the city court, and a judgment thereon (54 N. Y. Supp. 564), reversing a judgment for plaintiff on a verdict, and dismissing the complaint, plaintiffs appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Epstein Bros., for appellants.
Wasserman & Jacobus, for respondent.

FREEDMAN, P. J.   The question presented by the appeal is whether the plaintiffs can maintain the action in its present form.   The general term of the city court held that the plaintiffs cannot do so. The action was brought to recover the value of certain goods alleged to have been sold and delivered by the plaintiffs to the defendant at his request and for which it was alleged the defendant promised to pay a reasonable value.   The defendant, by his answer, interposed a general denial, and, as a separate and distinct defense, the institution by the plaintiffs of a certain replevin action against one Herman Wiener, which it was claimed operated as a rescission of the contract sued upon.   Upon the trial it was conceded that the plaintiffs, prior to the commencement of the present action, had brought an action in replevin against said Wiener, as the assignee and transferee of the defendant in this action; that the goods sued for in this action form a portion of the goods for which the replevin action was brought, and were included in the replevin action; that the last-mentioned action was brought on the ground of fraud on the part of the purchaser; that in it the sheriff replevied and took for the benefit of the plaintiffs all the goods sold by the plaintiffs, with the exception of those for which this action was brought; and that the replevin action is still pending and undetermined.   It thus appears that the plaintiffs elected to rescind the sale, and to treat it as a nullity, and that they instituted legal proceedings to recover the possession of the goods sold, on the theory that, on account of the fraud of the purchaser, they did not part with their title to the goods, and therefore were entitled to reclaim the goods themselves.   The present action proceeds upon the theory that the sale was valid, that under it the plaintiffs parted with both possession and title to the purchaser, and that for that reason the purchaser may be held to his bargain; in other words, they proceed in affirmance of the contract.

The two actions are utterly inconsistent.   The plaintiffs, upon discovery of the fraud, had a choice of remedies,—an action for the price according to the terms of the sale and in affirmance of the sale, or replevin in avoidance of the sale, and consequently its rescission. They elected to sue in replevin, and they stand concluded by their election, for the law is well settled that a party cannot do both.   Nor can a party affirm in part and rescind in part.   21 Am. & Eng. Enc. Law, 19, and cases cited.   By commencing their action of replevin, the plaintiffs made their final election.   Terry v. Munger, 121 N. Y. 161, 24 N. E. 272.   The precise question now under consideration has been determined in Wile v. Brownstein, 35 Hun, 68, and Moller v. Tuska, 87 N. Y. 167; and, under those decisions, the pendency of the replevin action is a good and conclusive defense to the present action.

The claim of the plaintiffs that a distinction should be made in their favor because their first action was brought against the assignee or transferee of the fraudulent purchaser, and the second action against the purchaser himself, is untenable, under the doctrine of Fowler v. Bank, 113 N. Y. 450, 21 N. E. 172, and Terry v. Munger, 121 N. Y. 161, 24 N. E. 272.   The case of Powers v. Benedict, 88 N. Y. 605, cannot help the plaintiffs, as appears from the explanation of said case in Wile v. Brownstein, 35 Hun, 68, 71, and also from the fact that the

court concluded (page 610) that the plaintiffs had not rescinded in part only, but altogether. The case of City Nat. Bank v. National Park Bank, 32 Hun, 105, has no application to the real question in the case at bar.

Nor can the plaintiffs maintain the present action by reason of the fact that in the replevin suit they served a notice, as authorized by section 1719 of the Code, abandoning their claim to the chattels so replevied. In Wile v. Brownstein, 35 Hun, 68, it was held that that section furnished no authority for abandoning a part of a cause of action embraced in a suit for conversion, waiving the tort as to that part, and suing on that part in contract. The case of Cohn v. Goldman, 43 N. Y. Super. Ct. 436, does not avail the plaintiffs. Upon examination it will be found that both actions therein referred to were brought in affirmance of the contract of sale. Moreover, the case was reversed in 76 N. Y. 284, though on another point.

The determination made by the general term of the city court was right, and the judgment and order appealed from should be affirmed, with costs. All concur.

