(27 Misc. Rep. 504.)

### HAAS et al. v. SELIG et al.

(Supreme Court, Appellate Term. May 24, 1899.)

1. SALES—RESCISSION—ANSWER.

An answer in an action for the price of goods sold, setting up rescission as a defense, without showing that there was more than one rescission, will be considered as a whole, though it consists of several paragraphs, and, if any one paragraph alleges facts that show that there was no rescission, it is bad.

2. SAME—ELECTION OF REMEDIES.

Merely demanding goods of a sheriff, who has seized them under writs of replevin issued by third persons, without instituting any legal proceedings for recovery of their possession, by a vendor, is not such an election of remedies as will preclude him from suing to recover the price.

MacLean, J., dissenting.

Appeal from city court of New York, general term.

Action by Leopold Haas and others against Louis Selig and another. From a judgment of the general term, affirming a judgment for plaintiffs (55 N. Y. Supp. 439), defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Max D. Steuer, for appellants.
Benno Loewy, for respondents.

FREEDMAN, P. J. The action is brought upon a complaint for goods sold and delivered. The answer contains no denials, but attempts to set up a rescission of the contract of sale. At the trial a verdict was directed for the plaintiffs upon the pleadings. The only

question presented by the appeal, therefore, relates to the sufficiency of the attempted plea of rescission. This plea is the only defense set forth in the answer, and there is no pretense that there was more than one rescission. The pleading must, therefore, be considered as a whole, atlhough it consists of several paragraphs. The consequence is that, if one paragraph contains specifications of facts destructive of what would, in their absence, have constituted a defense, the plea must fail; for the pleading is to be taken most strongly against the pleader. A careful examination of the answer clearly shows that the defense sought to be pleaded is nullified by the specifications of facts relied upon as constituting rescission. Taken as a whole, the answer fails to show an agreement between the parties to rescind. This point has been sufficiently discussed in the opinion of the court below. It also fails to show an election of remedies by the plaintiffs amounting to a rescission, and concluding them upon that point. In Seeman v. Bandler (recently decided by this court) 56 N. Y. Supp. 210, I fully discussed the question how a party may preclude himself by an election of inconsistent remedies in the institution of legal proceedings. But that case does not help defendants. A mere demand by the plaintiffs of the goods of the sheriff, who had seized them under writs of replevin issued by third parties, not followed up by the institution of any legal proceedings or the recovery of the possession of the goods, is not an election of a remedy inconsistent with an action for the price. The facts pleaded were clearly insufficient to establish rescission, and consequently the verdict was properly directed. Judgment should be affirmed.

Judgment affirmed, with costs to respondents.

LEVENTRITT, J., concurs.

MacLEAN, J. (dissenting). In their answer to the allegations in the complaint herein for goods sold and delivered, the defendants set up inartificially—perhaps purposely so—two defenses, setting them forth in individually numbered paragraphs, but not stating them as separate defenses. One was an allegation of evidentiary facts tending to show that when the goods were in the possession of the sheriff, at the instance of other parties, the plaintiffs so acted as to evidence an election to repudiate the sale, and treat the goods as still within their ownership; and the other, an allegation of a specific agreement between the parties of rescission. The first-attempted defense was insufficient, but the second, substantially in the manner following, viz.: "The plaintiffs claimed to have a right to rescind, and did rescind, and wholly revoked, canceled, and annulled, the said sale, and the defendants were entirely agreeable that the plaintiffs should rescind, and permitted the plaintiffs to rescind, the said contract of sale, and consented that the plaintiffs should take the said goods,"—seems to me, in effect, to set forth a good defense by way of confession and avoidance, in that it is an allegation of a new agreement between the parties, abrogating the one upon which this action is brought, and sufficient, in matter and form, to preclude a successful demurrer or motion to strike out as frivolous (Clark v. Dillon, 97 N. Y. 370, 375,

by Ruger, C. J.); and therefore the direction of a verdict for the plaintiffs upon the pleadings, by the justice at trial term, was erroneous. The judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.