JOST MOLLER et al., Respondents, *v.* PHILIP H. TUSKA, Appellant.

Plaintiffs sold and delivered to V. Bros. a quantity of sugar; the sale was induced by fraud on the part of the vendees who transferred the sugar to defendant, and then went into voluntary bankruptcy. This action was brought to recover possession of the goods on the ground of the fraud; the complaint alleging that defendant received possession with notice, and was party to the fraud; while the action was pending, plaintiffs proved a claim in bankruptcy against V. Bros , as for goods sold, and received from the assignee a dividend thereon. The claim, however, was, by order of the register in bankruptcy, subsequently expunged from the record; and the assignee, on the ground that this action was a disaffirmance of the sale, demanded, and received back the dividend. *Held,* that plaintiffs, having, on discovery of the fraud, an election of remedies — *i. e.*, either to disaffirm the sale and recover the property, or to sue for the price, and having manifested their election by bringing this action, could not thereafter revoke it, and maintain a claim under the contract of sale; that the subsequent transaction with the assignee in bankruptcy was no defense,

both because plaintiffs were so bound by their election, and because the assignee had no power to waive any advantage accruing to the estate by the election, or to create a debt where none existed, and so could not assent to a rescission of the election.

Also *held*, that the proof and allowance of plaintiffs' claim in bankruptcy was not an adjudication, having the force of a judgment as upon contract

(Argued October 26, 1881 ; decided December 13, 1881.)

APPEAL from order of the General Term of the Court of Common Pleas in and for the city and county of New York, which reversed a judgment in favor of defendant, entered upon an order dismissing the complaint on trial, and granted a new trial.

This action was brought to recover possession of a quantity of sugar.

The material facts are stated in the opinion.

*Samuel Hand* for appellant. The plaintiffs having proved their claim in bankruptcy, as for a sale of the goods to Valk Bros. for their price, and having received a dividend in part satisfaction, cannot hold the goods. (2 Kent's Com. 188 and note ; *Osterhoudt* v. *Roberts*, 8 Cow. 43 ; *Russel* v. *Gray*, 11 Barb. 541, 543.) The proof of plaintiffs' debt for the price of the sugar was a judicial establishment of the existence of the indebtedness, the consideration on which it was founded and the facts out of which it arose, viz.: the sale of the goods to Valk Bros. (Bankrupt Act, § 22 ; *In re Strauss*, 2 B. R. 18 ; *In re Elder*, 3 id. 165 ; *In re Loder*, id. 162 ; *In re Bogart*, 2 id. 239 ; *In re Paddock*, 6 id. 132 ; *In re Prescott*, 9 id. 385 ; *In re Pattock*, 8 id. 78 ; *Miller* v. *O'Kain*, 13 Hun, 594 ; *Johnson* v. *Dickinson*, 78 N. Y. 44–5.) The adjudication in the Bankruptcy Court conclusively established the absolute sale of the sugar to Valk Bros. before their bankruptcy. (*Morris* v. *Rexford*, 18 N. Y. 558 ; *Kinney* v. *Kiernan*, 49 id. 164, 172.) The refunding the money to the assignee on his request does not affect this case. (Bankrupt Act, §§ 27, 28.) The Bankrupt Act contains no provision for withdrawing a claim once proved, but on being returned to court it may be

rejected and expunged. (Bankrupt Law, § 22; *Comstock* v. *Wheeler*, 2 B. R. 171; Bump, 87 [5th ed.].)

*A. J. Vanderpoel* for respondents. The plaintiffs did not divest themselves of these goods by their attempt to secure satisfaction of their claim in the bankruptcy proceedings. (*Sanger et al.* v. *Wood*, 3 Johns. Ch. 416; *Kinney* v. *Kiernan*, 49 N. Y. 164; *Orme* v. *Broughton*, 10 Bing. 533; *Cheeseman* v. *Sturgis*, 6 Bosw. 520; 9 id. 246.) An election of one of two inconsistent remedies, whenever made, is final and conclusive upon the party. (*Morris* v. *Rexford*, 18 N. Y. 556; *Wright* v. *Pierce*, 4 Hun, 351; *Rodemund* v. *Clark*, 46 N. Y. 256; *White* v. *Osborn*, 21 Wend. 72, 76; *Bk. of Beloit* v. *Beale*, 34 N. Y. 437; *Lloyd* v. *Brewster*, 4 Paige, 537; *Rawson* v. *Turner*, 4 Johns. 469; *Littlefield* v. *Brown*, 1 Wend. 404; *S. C.*, 7 id. 454; 11 id. 467; *Sanger* v. *Wood*, 3 Johns. Ch. 216; *McElroy* v. *Mancius*, 13 Johns. 131; *Junkins* v. *Simpson*, 2 Shipley, 364; *Butler* v. *Miller*, 1 Comst. 496.) The election to rescind, once made, is final and conclusive. (*Pence* v. *Langdon*, 99 U. S. 582.) A subsequent attempt to obtain another remedy is no bar to this suit, which was rightfully commenced, and which determined the plaintiffs' election. (*McElroy* v. *Mancius*, 13 Johns. 120.)

Danforth, J. It was not denied that the sugar in question at one time belonged to the plaintiffs, and that they, on or about the 8th of December, 1868, sold and delivered it to the firm of Valk Bros., who transferred it to the defendant, Tuska. Valk Bros. were insolvent, and on the 15th of December, 1868, went into voluntary bankruptcy. This action was commenced December 19, 1868, to regain possession of the property upon the ground that the sale was induced by the fraud of Valk Bros., and the defendant received the goods with notice of that fraud, and in participation with it.

The answer of the defendant was a general denial, setting up ownership by the defendant and a claim for a return of the property. On the 27th of October, 1873, while this action was

pending, the plaintiffs proved a claim in bankruptcy against Valk Bros. as for goods sold, including those embraced in this action, and on the 17th of December, 1873, received from the assignee a dividend thereon of $133.83. In May, 1878, by order of the register in bankruptcy, the claim was expunged from the record, and the assignee demanded repayment of the dividend upon the ground that this action was a disaffirmance by the plaintiffs of the sale, and they were, therefore, not entitled to the dividend. His demand was complied with; but this case coming on for trial, the complaint was dismissed upon motion of the defendant on the ground that by proving the claim as a debt in bankruptcy, and taking a dividend, the plaintiffs affirmed the sale and had no longer any right to the goods. Upon appeal to the General Term, that court was of a different opinion; and with their conclusion we agree. The plaintiffs, upon discovery of the fraud, had a choice of remedies — an action against Valk Brothers for the price according to the terms of sale or *replevin* of the property, upon the ground that by reason of the fraud the contract of sale was avoided. No right of the defendant intervened, for he was not an innocent party, and had no better case than Valk Brothers. The plaintiffs manifested their election by bringing this action. After that, the other way of redress was not open to them; for, according to Comyn (Dig. Elect. C., 2), if a man once determines his election it shall be determined forever. Hence, they could never successfully assert a claim against the purchaser under the contract, for the election to disaffirm it had been manifested, and to revoke it was not in their power. (*Quod semel placuit in electionibus amplius displicere non potest,* Co. Litt. 146 a; *Clough* v. *London & N. W. Ry. Co.,* L. R., 7 Ex. 26; *Orme* v. *Broughton,* 10 Bing. 533; *Morris* v. *Rexford,* 18 N. Y. 552.) It would seem to follow that the subsequent transaction with the assignee in bankruptcy could have no bearing upon the question, *first,* because the plaintiffs were bound by their election; and *second,* because the assignee was a mere assignee in law, clothed with certain statutory duties, with no power to

waive any advantage which had accrued to the bankrupt's estate, or create a debt when none before existed (*In re Craw-ford*, 3 B. Reg. 698); and having no power to represent him except for the purposes of the Bankruptcy Act. How, then, could he participate in the rescission of the election by the plaintiffs, which had in effect discharged the bankrupt and his estate from any claim under the contract of sale? He did not represent the bankrupt for that purpose. The contract was at an end, and no act on the part of the plaintiffs alone could revive it (*Kinney* v. *Kernan*, 49 N. Y. 164.) It is claimed, however, by the appellant that proof of claim by the plaintiffs, and its allowance, was an adjudication having the force of a judgment as upon contract; and so an answer to the present action. The authorities cited by him do not sustain the position; nor do the provisions of the bankrupt law under which these decisions were made. A creditor may, if he elect, withdraw his proof. (*In re Brand*, 3 B. Reg. 324.) The claim itself may be canceled when founded on fraud, illegality or mistake (Bankrupt Law, § 22), and what the court would do on application of the assignor may be done by him when the assent of the creditor is given to facts showing the mistake. In this case no claim in fact existed, and it was properly expunged. It is needless to pursue this inquiry further, for upon the ground stated we are of opinion that by the election made to disaffirm the contract of sale and resume their property, the rights of the plaintiffs to maintain this action became fixed, and could only be extinguished by release or actual payment, or the making of a new engagement. Neither of these occurred.

The judgment of the Special Term was, therefore, properly reversed; and the order of the General Term should be affirmed, and judgment absolute ordered for the plaintiffs according to the stipulation of the defendant.

All concur.

Order affirmed; judgment accordingly.