EDWIN WALLACE *et al.*, Appellants *v.* JAMES O'GORMAN, as
Assignee, etc., Impleaded, etc., Respondent.

*Supreme Court, Fourth Department, General Term, July 20, 1889.*

1. *Appeal.*—An order amending an answer *nunc pro tunc* so as to conform
to the proof, must, in order to be reviewed, be specified in the notice
of appeal.
2. *Election of remedies.*—A party, after disaffirming a contract of sale and
bringing an action in replevin for the goods, has no remedy on the
contract of sale ; and a subsequent action to enforce an agreement,
made cotemporaneously with the sale, to give security for the purchase
price, is thereby barred, even for the portion of goods which cannot be
reclaimed in the replevin suit.

Appeal from a judgment entered upon the decision of the
court.

The plaintiffs, in their complaint, sought to establish and
enforce an equitable mortgage upon certain real estate of
Dennis Murphy, the assignor of the defendant, O'Gorman.
The plaintiffs are wholesale dealers in boots and shoes in
the city of New York, and they allege that in June, 1887,
Murphy applied to them for the purchase of goods on credit,
and that it was then agreed that plaintiffs would from time to
time sell and deliver to Murphy goods as he should require
in the prosecution of his business at Oswego, upon a credit
of sixty days, and that, to secure the payment of the pur-
chase price of such goods, Murphy would execute and de-
liver to plaintiffs a mortgage on certain real estate in the
city of Oswego and described in the complaint; that the
plaintiffs, relying on this agreement, did, between June 20
and December 28, 1887, deliver to Murphy goods on credit,
at prices agreed on, amounting in the aggregate to $1,944.73 ;
that none of this has been paid, and Murphy, upon demand,

failed to give the mortgage, and on the 12th of January, 1888, he made a general assignment to the defendant, O'Gorman. Relief was asked that Murphy be required to execute the mortgage, that the claim of plaintiffs be declared a lien prior to the title of the assignee and of certain judgment creditors made defendants, that the premises be sold and plaintiffs, out of the proceeds, be paid their claim, $1,944.73 and interest, and that Murphy be adjudged to pay any deficiency.

The defendant, O'Gorman, answered, admitting the plaintiffs were partners, that Murphy was engaged in business at Oswego, and made an assignment to O'Gorman on 12th of January, 1888, under which O'Gorman claims title to the real estate, and denying all the other allegations of the complaint.

Upon the trial, one of the attorneys for the plaintiffs being upon the stand as a witness for the plaintiffs, was asked, upon cross-examination, whether immediately after the assignment he commenced for the plaintiffs an action in replevin against the defendants, Murphy and O'Gorman, for the recovery of the goods then unsold in the store of Murphy which had been sold to him by the plaintiffs. This was objected to by the plaintiffs' counsel " as incompetent and immaterial, and on the ground that it is not the best evidence." The objection was overruled, and plaintiff's excepted. The answer was that an action was commenced on the fourteenth of January against O'Gorman individually as holding the goods; that all the goods that plaintiffs sold that remained in the store were taken by the sheriff and delivered to plaintiffs, and still retained by them; that the amount of goods alleged in the affidavit was $1,944, and the amount taken by the sheriff and delivered to plaintiffs was $613 ; that the action is still pending and undetermined, being defended by the assignee.

After the plaintiffs closed their evidence, the defendant offered in evidence the affidavit and requisition in replevin,

the affidavit being made by Mr. Jacobs, one of the plaintiffs and dated January 13, 1888, and the requisition dated same day. These were objected to " on the ground that it is wholly incompetent, immaterial and irrelevant." The objection was overruled, and plaintiffs excepted. It was stated in the affidavit that the plaintiffs were the owners of the goods and entitled to the immediate possession, schedule being attached and amount being $1,944.98, and that they were wrongfully detained from the plaintiffs by the defendant therein; that Dennis Murphy, at various times between the 19th of June, 1887, and the 29th of December following, by means of false and fraudulent representations as to his financial responsibility and otherwise, did wrongfully take and fraudulently obtain the same from the possession of plaintiffs, and that the defendant therein claimed to hold under an assignment from Murphy.

The summons in the present action is dated April 5, 1888, and the goods referred to in the complaint are the same referred to in the replevin papers.

The court, at special term, dismissed the complaint on the ground that the action in replevin for the recovery of the goods was a disaffirmance of the sale and a bar to the present action.

The record shows that at the same term an order was entered in the case which, after the title, proceeded as follows: " This cause having regularly come on for trial at the above named special term, and having been duly and regularly tried, ordered that the defendant, O'Gorman, in the above entitled action be, and he hereby is allowed to amend his answer *nunc pro tunc*, by alleging the pendency of the action of replevin, and proceedings therein as proved upon the trial, and the same is hereby amended accordingly and ordered filed with the judgment-roll herein."

In the notice of appeal this order is not specified.

*Hastings & Gleason*, for appellants.

*W. A. Poucher* and *J. R. O'Gorman*, for respondent.

MERWIN, J.—It is claimed by the plaintiffs that the order allowing the defendant, O'Gorman, to amend his answer, was improperly granted. As that order is not specified in the notice of appeal (Code, § 1301), it is not here for review (Code, § 1316). It is suggested by the plaintiffs that the order was *ex parte*. That the record does not show. Assume it to have been such, it was the duty of plaintiffs, if the order was not satisfactory to them, to have moved at special term to vacate it, and then if satisfactory relief was not obtained, the matter could have been brought upon appeal.

During the progress of the trial, so far as the case shows, no amendment was asked for, nor was the evidence above stated, objected to on the ground that it was not admissible under the answer.

It is suggested by the plaintiffs that if application for amendment had been made on the trial, the complaint in the replevin case might have been put in evidence, or that it might have been shown that part of the fraud charged was the agreement to give a mortgage, and that these circumstances would have affected the question. That is not so clear. The fact would have remained that an action in replevin was pending, which was necessarily based on a disaffirmance of the sale, and on the proposition that by reason of fraud no title had passed, so that in effect there was no sale or purchase of the goods.

We must, therefore, assume that the answer was properly amended. The question then is as to the effect of the pendency of the replevin suit.

The authorities are very clear to the proposition that a party, after disaffirming a contract of sale and bringing a suit in replevin for the goods, has no remedy on the contract of sale. The cases are fully discussed in the opinion of Mr. Justice WILLIAMS at special term. Morris *v.* Rexford, 18 N. Y. 552; Bank *v.* Beale, 34 Id. 473; Rodermund

*v.* Clark, 46 Id. 354 ; Kinney *v.* Kiernan, 49 Id. 165 ; Fields *v.* Bland, 81 Id. 239 ; Moller *v.* Tuska, 87 Id. 166 ; Powers *v.* Benedict, 88 Id. 605 ; Bowen *v.* Mandeville, 95 Id. 237 ; Wile *v.* Brownstein, 35 Hun, 68.

In Moller *v.* Tuska, (87 N. Y. 166), it is said very point- edly, in regard to an action in replevin, that the plaintiffs, having, on discovery of the fraud, an election of remedies, that is, either to disaffirm the sale and recover the property or sue for the price, and having manifested their election by bringing the action to recover the property itself, could not thereafter revoke it and maintain a claim under the contract of sale. So in Wile *v.* Brownstein (35 Hun, 68), which was in this department, where an action in replevin had been brought and a part of the goods obtained, and then a dis- continuance under section 1719 as to those not found, and . a new action brought for the balance of the goods appar- ently upon the original sale and delivery, it was held that the action could not be maintained.

It is, however, claimed by the plaintiffs, that the agree- ment for security will survive the disaffirmance of the sale, so as to permit the security to be enforced for the portion they cannot reclaim in the replevin suit. Still, the mort- gage was only to secure the purchase price of the goods sold.

If the plaintiffs sold no goods to Murphy under the con- tract, a part of which was the agreement for a mortgage, they would have no standing here for the purpose of enforce, ing such agreement. If, as alleged in the replevin suit, the title to the goods never passed to Murphy, then Murphy is not indebted to plaintiffs for the purchase price of any goods, and there is, therefore, nothing within the operation of the agreement to give a mortgage. If, by reason of the replevin suit, the plaintiffs have rescinded the formal contract of sale, and have no cause of action on it for the price of any of the goods, as held in the Wile Case then there is nothing for the mortgage to secure. There is no debt existing, such as was contemplated to be secured.

The agreement to sell and the agreement to give a mort-

gage were part of one transaction. The plaintiffs cannot rescind a part and enforce the rest. Had a mortgage in fact been given, the question would perhaps be different. But now the mortgage cannot be compelled, unless there is something for it to secure, according to the terms of the agreement.

The only case cited by plaintiffs on this subject is Roberts *v.* Ely, (9 N. Y. State Rep. 796). That does not help their position. It was there held that when a party has grounds upon which to bring différent actions arising out of the same state of facts against different persons and the maintenance of one necessitates an allegation of a fact inconsistent with the maintenance of the other, the party having brought one and proceeded to judgment is bound by his election and cannot proceed against the others, even though the judgment obtained fails to afford relief.

We see no escape from the conclusion that the plaintiffs, having by reason of the pendency of the replevin action, no remedy on the contract of sale of the goods, are not in a position to call for the enforcement of the agreement for security.

It follows the judgment must be affirmed, with costs.

HARDIN, P. J., and MARTIN, J., concur.