By the Court.—Ingraham, J.
The question presented in this case is whether, where the vendor of goods has elected-to rescind a sale which was fraudulent, by commencing a proceeding in a court of justice, based upon such rescission, and in which proceedings the relief which such vendor asks was granted, and which judgment or decree granting such belief remains in full force and effect, there is any contract, that can be, after such an election, enforced.
In this case plaintiffs were the owners of goods sold to the defendant. They received the defendant’s notes for the purchase price. Such sale was induced by fraud. Plaintiffs, then, had the right to rescind the sale as fraudulent and reclaim the goods, and had also the right to insist that the sale was void and recover the value of the goods, notwithstanding that notes given for the purchase price had not matured.
These positions are based on the invalidity of the sale, and were inconsistent with the fact of the existence of a valid obligation of the vendee on the contract. The right to recover the possession of the goods could not exist with the right to recover *466 on the notes, nor could the right to recover the value of the goods obtained by fraud on the sale of which the notes were given, exist with the right to recover on the notes. If one of these positions was taken and enforced it is clear that the other could not be. Plaintiffs having this right to proceed, elected to rescind the agreement for the sale for which the notes had been given, and declare that the amount was due, offering to return the notes. They did this by presenting to the chancellor of the state of New Jersey a petition in which they alleged the facts constituting the fraud and thereby repudiated the contract,—that the defendant was then indebted to the plaintiffs for goods obtained by it by false representations to the value of $9,309, and asked the appointment of a receiver of the defendant’s property, and that such indebtedness be paid out of the property of the defendant. That application was granted. A receiver was appointed who took possession of the defendant’s property. That such an election was binding upon the plaintiffs, and that the contract upon which the notes were given, namely, the sale of the goods had been destroyed by the rescission of the sale by the plaintiffs is clear, and there being no contract for the sale of the goods there was no consideration for the notes, and no action could be maintained to recover the amount due thereon.
I There has been no case cited that holds that where a party entitled to rescind a contract has elected to rescind it, and has upon such election enforced a remedy against the other contracting party, that said election has not been held binding.
In Kenny v. Kiernan, 49 N. Y. 168, Rapallo, J., says : “ But after the plaintiff had made a valid election to avoid the sale, and had asserted his title to the goods by bringing an action, the contract of sale was at an end. The fraud being established, neither *467 Gill & Co., nor their vendees (other than bona fide purchasers) could claim any title under the “sale, and the right of action of plaintiff against Gill & Co., upon the contract was gone. No subsequent act of the plaintiff alone could revive the contract or the right of action thereon, which had thus been destroyed.” And it was there held that bringing an action against Gill & Co., on the contract, and the recovery of a judgment in that action, did not affect the rights of the plaintiff in the action previously commenced for the conversion. “ That such an action on contract could not debar the plaintiff from prosecuting his action for conversion, because the right of action no longer existed at the time the action on contract was brought.”
Grover, J., in his dissenting opinion, p. 174, says: “ An election to rescind, when distinctly made, cancels and puts an end to the contract, in toto, and restores the vendor to his original title as owner of the property. It follows that the rescission of the contract would constitute a bar to an action brought by the vendor against the purchaser upon the contract of sale for the recovery of the price of the goods. The contract is terminated by the rescission, and has no validity whatever thereafter.”
There was no dissent by any member of the court from the rule thus stated, and I have been unable to find that this decision has ever been questioned.
In Moller v. Tuska, 87 N. Y. 169, the same principle was distinctly asserted. It was there said, “ The plaintiffs manifested their election by bringing their action. After that the other way of redress was not open to them. Hence they could never successfully assert a claim against the purchaser under the contract; for the election to disaffirm it had been manifested, and to revoke it was not in their power * * * * The contract was at an end *468 and no act on the part of the plaintiff alone could revive it.”
In neither of these cases had the plaintiff obtained any benefit by the action brought in disaffirmance of the contract, but it was held that bringing such ' an action was for itself such a disaffirmance of the contract that the contract was at an end, and that no act of the plaintiff alone could revive it.
Our attention has been called to many cases in which the effect of an action to recover the contract price of goods sold upon a subsequent action in disaffirmance of the contract has been discussed, and it is difficult to reconcile all that has been said in the cases cited. In many of the cases the decision is put upon the ground that the fraud was not known to the party seeking to rescind at the time the action was commenced upon the contract. It has, however, sometimes been held, that the mere commencement of an action to recover the contract price, which has not resulted in any advantage to the defrauded party, and which was discontinued before the contract was sought to be rescinded, was not such an election as would prevent such a rescission. The law on this subject has been determined in Conrow v. Little, 115 N. Y. 387. That case construes Foundry Co. v. Hersee, 103 N. Y. 26, and Hay v. Midas, 104 Ib. 602, and holds that bringing an action on the contract with a knowledge of the facts on which fraud is subsequently charged, is a definitive waiver of the right to proceed for fraud. But in no case has it been held that an election to rescind, duly and deliberately exercised, could be recalled, and an action subsequently maintained on the contract. I think, therefore, that the action of the plaintiffs was a rescission of the contract of sale, that after such a rescission the notes were in the hands of the plaintiffs without consideration, and no recovery could be based upon them. There was no judgment or decree *469 of the chancellor that indicated that he did not base his action upon this election of rescission. In that proceeding the plaintiffs asked and obtained relief, • and in their petition their demand for such relief was based upon the rescission of the contract.. That election to rescind has never been withdrawn, but stands of record as the deliberate act of the plaintiffs. It might well be that although the chancellor had the power to grant the application, if the plaintiffs’ debt was not due, he would not in the exercise of his discretion have appointed a receiver if the notes had been outstanding and had had some time to run. It is impossible to tell what effect the allegation in question in the petition presented to him had upon his judicial action.
I do not think that under the conceded facts in this case the plaintiffs can recover upon the notes, and that the exception of the plaintiffs should be overruled and judgment ordered on the verdict, with costs.