### THOMPSON *et al.* v. FULLER *et al.*

#### (*Supreme Court, General Term, Third Department.* November 30, 1891.)

**1. SALE—DISAFFIRMANCE BY REPLEVIN—ACTION FOR PRICE.**

Plaintiffs brought an action to recover for goods sold between December 14th and January 29th, consisting of eight items, of the value of $2,129.30. Plaintiffs had previously brought replevin to recover these goods in the hands of defendants, charging that they were obtained under false representations. *Held* that, having elected to disaffirm the contract of sale by proceeding in replevin, plaintiffs could not afterwards sue for the contract price of the goods.

**2. SAME—PARTIAL DISAFFIRMANCE—EVIDENCE.**

Plaintiffs alleged in such case that their disaffirmance, if any, extended only to the last two items of the goods sold, inasmuch as they were unable to retake any of such goods except such as were embraced in those items, but the allegations in the complaint and affidavit in replevin were such as to cover the entire transaction, and it appeared that when that action was instituted plaintiffs did not know what goods were in defendants' possession, and that they intended to and did seize all the goods described in the complaint that they could find in defendants' possession. *Held* a disaffirmance of the entire contract of sale.

Appeal from special term, Rensselaer county. Affirmed.

Action by James Thompson and another against Clarence R. B. Fuller and another. From a judgment for defendants, plaintiffs appeal. For former reports, see 8 N. Y. Supp. 62, 939.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Lansing & Cantwell,* (*William P. Cantwell, Jr.,* of counsel,) for appellants. *Frank S. Black,* for respondents.

LEARNED, P. J. This is an action to recover for goods sold and delivered by plaintiffs to defendants at sundry times from December 14, 1888, to January 29, 1889. There are eight items set forth in the complaint, and the total amount is alleged to be $2,129.30. The complaint also alleges fraudulent representations made by defendants to plaintiffs to induce plaintiffs to give credit, and avers that sales were made in reliance thereon; and it alleges that a replevin suit was commenced against defendants February 4, 1889, "to recover so many of the said goods, wares, and merchandise as remained in possession of said defendants;" and that goods to the amount of about $900 were taken and are held, or have been sold, and "said sum is deducted from said sum of $2,129.30, to make the amount of the judgment asked herein, viz., $1,229.30." The complaint then demands judgment for $1,229.30, with interest on the total amount of $2,129.30 from certain dates specified, being the dates when the sales became payable. On the trial of the action the court found the sale of the goods at the times and for the credits stated; and further found the institution of the replevin suit, as stated, to recover so many of said goods as remained in defendant's possession, and that goods to the value of $900 were

taken and held, and that said $900 is deducted from said sum of $2,129.30 to make the amount of the judgment demanded.    Further, that a part of the bill for $287.70, sold January 17th, was replevied, and part of the same bill is sued for in this action.    Further, that plaintiffs, when they instituted the suit in replevin, did not know what goods were in defendants' possession, and intended to and did seize all the goods described in the complaint which they could find in defendants' possession, regardless of the times and dates when the goods were sold.    Further, that the plaintiffs rescinded the contracts of sale of all of the goods, and cannot recover.    Among the special findings the learned judge found that none of the goods were taken in the replevin suit except such as were contained in the last two bills, viz., those of January 17th and January 29th.    The affidavit of the plaintiffs, on which the replevin suit was instituted, describes as in the possession of defendants and as the property of plaintiffs, among other things, about 400 yards of linen.    There was no sale of linen, except in the first bill, December 14th.    It describes other goods, some of which may be in the second, fourth, or sixth bills, as goods of the kind are found in those bills as well as in the seventh and eighth.    The complaint in the action of replevin alleges the aforesaid false representations as made between the 14th day of December, 1888, and the 29th day of June, 1889, and the sale under those inducements to defendants "on said occasions," and demands judgment for the recovery, or for the value if delivery cannot be had.

The question presented is whether or not the plaintiffs are barred from a recovery in this action by their proceeding in replevin, disaffirming the sales. It is plain that this is an action on contract.    What was the object of inserting the allegations of fraudulent representations we cannot tell.    Possibly to obtain an order of arrest under Code Civil Proc. § 549, subd. 4.    But even if that were the object, the action is still, by the language of that subdivision, an action on contract.    Under that subdivision there can be no recovery unless the plaintiff proves the fraud, and no such proof was given in this case.    This point was not presented on the argument, but we do not see how a recovery could be had on this complaint without proof of the alleged fraud.    The meaning of the principle on which defendants rely is obvious.    The plaintiffs, in their replevin suit, say that the goods therein mentioned are their own; that they never really sold them to defendants, but were defrauded into parting with the possession.    On the ground that such goods are their own, they claim to take such as they can find, and to be compensated for such as they cannot find.    Having taken this position, and having thereby enforced certain rights, they cannot now claim that they did validly sell these same goods to the defendants.    It cannot be doubted that, where a party has his election to affirm or to disaffirm a contract, if he disaffirms it he cannot afterwards assert a claim on the contract.    *Moller* v. *Tuska,* 87 N. Y. 166; *Kinney* v. *Kiernan,* 49 N. Y. 164.    So far, then, as the replevin suit is a disaffirmance of the contract or contracts alleged in the present complaint, the plaintiffs cannot recover thereon.    The plaintiffs having set up the fact of the replevin suit in their complaint, it was unnecessary for defendants to plead it.    The plaintiffs had done this for them.    The plaintiffs aver that there were several contracts.    There were eight bills, purchased on six different days.    And the plaintiffs claim that of these eight (or six) different contracts they disaffirmed only the last two, inasmuch as they actually took in the replevin suit only goods sold on those last two days, viz., goods included in the seventh and eighth bills.    The defendants, on the contrary, urge that, whatever the plaintiffs succeeded in getting, the replevin papers show a disaffirmance of all the goods sold from December 14th to January 29th, inclusive, which includes all those now sued for.    We assume for the present that the sales on each of these six days was a separate contract, and that one might be disaffirmed without disaffirming the others.    *Lee* v. *Tay-*

*lor*, (Sup.) 11 N. Y. Supp. 131. The question then remains, what did the plaintiffs do? The complaint in the replevin suit avers false statements made by defendants to plaintiffs between December 14 and January 29, 1889, and fraudulent concealments "on each and every of said occasions." It avers sales by plaintiffs to defendants in reliance thereon "on said occasions." It states the value and the price at $1,000. The affidavits describe certain amounts of five kinds of goods, viz., about 2,800 yards of Thompsonville No. 4; about 3,000 yards of Thompsonville No. 6; about 2,500 yards Queen; about 2,500 yards Royal AA; about 400 yards of linen. As above stated, the last of these is found only in bill first sold, December 14th; the Royal AA is found in the second, fourth, and seventh bills; the Queen is found in the second, third, fourth, and eighth bills; the Thompsonville No. 6 is found in the second, third, fourth, sixth, and eighth bills; and the Thompsonville No. 4 in the second, fourth, fifth, and eighth bills. The amounts in the affidavits are less than the aggregate of the amounts in the bills. The plaintiff Thompson testifies that he took all he could find of goods sold to the defendants. The amount of money demanded in the replevin action is not conclusive on this point. If an answer were put in, a greater amount could be recovered. Code, § 1207. Nor can it be material on this question how much of the property embraced with the affidavit and complaint in the replevin suit the plaintiffs succeeded in obtaining. The contract was disaffirmed at any rate. It would be disaffirmed if the plaintiffs had not succeeded in finding any of the property, and the plaintiffs could recover the value of such of the property as they could not find and replevy. Code, § 1730. It can hardly be doubted that the complaint and affidavit in the replevin suit would have authorized the plaintiffs to replevy any of the goods sold by them to the defendants between December 14th and January 29th, inclusive. Such was the view taken by this court on the appeal in the attachment proceedings. *Thompson* v. *Fuller*, (Sup.) 8 N. Y. Supp. 62. Nor do we see any reason why in that replevin suit the plaintiffs could not have recovered what they now seek, viz., the value of the goods which they could not find. The complaint in that suit was broad enough to embrace all the goods sold by plaintiffs on all the "occasions" when the defendants were alleged to have made the false representations; that is, between December 14th and January 29th. If the plaintiffs had not demanded a sufficient amount, they could have amended their complaint in this respect. The cause of action would not have been changed by such amendment. And it is to the alleged cause of action that we must look to determine whether in that complaint the plaintiffs disaffirmed the contracts of sale. If the intent of plaintiffs had been to disaffirm only the last two sales, they could have alleged specifically that sales were made on the 17th and the 29th of January. We may say in passing that it is not necessary to decide, if fraudulent representations were made December 14th, and only on such representations sales were made on several subsequent days, whether each of such sales was a separate contract, so that it might be disaffirmed without affecting the other sales. We think the judgment should be affirmed, with costs. All concur.