87  487
156a 657

NATIONAL PARK BANK of New York, Appellant and Respondent, v. WARREN N. GODDARD and Others, Respondents and Appellants.

*Sale induced by fraud — levy upon the goods by a creditor of the vendee — when replevin will not lie — equitable remedy of the defrauded vendor — confusion of goods.*

Where the sale and delivery of goods has been induced by fraud, but the vendor has not rescinded the sale, the vendee has a leviable interest in the goods which can be taken by the sheriff under attachment. When so taken by the sheriff the goods are in the custody of the law, and an action of replevin upon the part of the defrauded vendor does not lie. The amendment to section 1690 of the Code of Civil Procedure, made by chapter 305 of the Laws of 1894, changing this rule and in effect permitting an action of replevin in such a case, has no retroactive effect.

Where the plaintiff in an attachment suit brings an action in equity to procure an adjudication as to the rights of various claimants to a fund realized from the sale of the property in dispute and in the hands of a receiver of the court, the rules of equity govern the decision of the case.

In this view, replevin actions brought by defrauded vendors, and their demands for their property from the sheriff, constitute a rescission, displace the lien of the sheriff in favor of their original title, and give them an equitable title which the court will enforce.

Where, however, the articles in question are manufactured garments, and the claim of the vendors is only for the merchandise which entered into the manufacture, the court will protect the vendors only to the extent of the value of the merchandise.

Where the rights of innocent third parties intervene the usual rule as to confusion of goods will not be applied, and an attempt will be made to protect all who have an interest in the subject-matter.

APPEAL by the defendants, Warren N. Goddard and others, from a judgment of the Supreme Court determining the rights of numerous parties to a fund in the hands of a receiver, entered in the office of the clerk of the county of New York on the 4th day of January, 1895, upon the decision of the court rendered after a trial at the New York Special Term, and also an appeal by the plaintiff from the whole of said judgment, except that part which adjudges and decrees "that the defendants, and each of them, their agents and attorneys, and the coroners of the city and county of New York, be, and they hereby are, restrained and enjoined from prosecuting the actions against the sheriff of the city and county of New York brought by said defendants respectively, as alleged in

the complaint herein, and from further enforcing, or seeking to enforce, the requisitions to replevin issued in said actions."

*Barlow & Murray,* for the plaintiff.

*Abraham Gruber* and *Louis Marshall,* for the defendants.

Judgment affirmed with costs, on the opinion of the court below.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

The opinion of the court at Special Term was as follows :
PATTERSON, J. :

By the agreed statement, setting forth all the facts to be considered by the court in deciding this cause, it appears that the plaintiff sues to obtain an adjudication of the rights of various claimants to a fund now in the hands of a receiver of this court, which fund consists of the proceeds of certain manufactured garments which were sold by the receiver under an order of the court.    Various claims to the goods were urged by many parties, among them the plaintiff and such of the defendants as are now before the court, and whose names appear in the statement referred to.    The plaintiff claims under an attachment, judgment and execution against the property of Levy Brothers.    The defendants now before the court claim by title revested in them to goods sold and delivered by them to Levy Brothers, the sales having been procured to be made by fraudulent representations of Levy Brothers, and the defendants having rescinded the sales and elected to treat them as null.    It also appears that the sheriff of the city of New York levied upon the property which the defendants had sold to Levy Brothers, such levy being under the attachment in the plaintiff's action against that firm. This levy under the attachment was made before the defendants elected to rescind the sales.    While the goods were in the sheriff's possession under the attachment, the defendants brought actions of replevin and issued process to the coroner, who seized the manufactured goods for the making of which in part the defendants' merchandise had been used.    There were altogether some fifty actions of replevin brought, and, thereupon, this suit was instituted for the express purpose of having an adjudication by this court as to the rights of the parties to all those actions in and to the goods. Interlocutory proceedings were had in this action, by which the

receiver of the merchandise was appointed, and he was instructed to sell the property and to hold the proceeds subject to the order of the court. The actions in replevin were enjoined, and the various defendants have come into court with their answers setting up their claims and insisting upon their rights to the fund, the subject of the litigation. It further appears by the agreed statement of facts that the goods sold by the defendants to Levy Brothers were made up, with other goods, into garments, and the defendants now urge that by reason of the changed form into which their merchandise has been put, and the impossibility of separating that merchandise from the garments without destroying its value, they are entitled to the proceeds of sale of all the goods on the principle which applies to cases of accretion and confusion of property. In passing upon these claims, it is apparent at the outset that when the attachment issued in the plaintiff's action against Levy Brothers the defendants in that action had an interest in all the merchandise which could be levied upon and held by the sheriff, and also that, as the property was situated at the time the defendants' replevin actions were begun, it then being in the custody of the sheriff and hence in the custody of the law, those actions of replevin were not maintainable, and possession of the goods could not be lawfully obtained by the defendants under the replevin suit. ( *Wise* v. *Grant,* 140 N. Y. 593.)

As the matter stood, therefore, when the actions in replevin were begun, which was subsequent to the levy under the attachment, the sheriff had a lien upon the merchandise, and the plaintiffs in the replevin actions could not recover the goods. But, notwithstanding that condition of things, when the defendants now before the court elected to rescind the sales, as they did by their demands on the sheriff, and the institution of replevin actions ( *Moller* v. *Tuska,* 87 N. Y. 166 ; *Powers* v. *Benedict,* 88 id. 605), the lien of the sheriff was displaced in favor of the original title of the sellers of the goods, so that when the present action was begun this plaintiff and the defendants now claiming were standing before the court, the former on an alleged right as a lienor creditor, the latter with a title revested in them to the merchandise, but prohibited from taking possession by reason of the statute, which, in consequence only of the particular situation of the property, deprived them of the sub-

stantial right to reduce it to actual possession.   These are the claims and that is the condition in which they come before the court, and they must be regarded with reference to the equitable rights of the parties, for it is exactly the aspect in which the plaintiff, by bringing this suit, has chosen to put the matter, and in which it asks the judgment of the court; it seems to me, therefore, that the question of legal right to possession as predicated only upon the defendants' claims under the actions of replevin is not to control in the disposition of the cause, and that although the actions of replevin were not maintainable, and the property could not be taken from the possession of the sheriff in actions of replevin, yet as the lien of the sheriff was displaced by the rescission, and the title was revested by the act of rescission, the defendants have shown an equitable title which can be protected and enforced in this action, for that would seem to be the necessary effect of the extinction of whatever lien existed in favor of the plaintiff by reason of the sheriff's possession, so that, although these actions of replevin were futile as remedies, they, nevertheless, were effectual as evidences of the intent and determination on the part of the defendants to rescind the contracts of sale, and for the purpose of the restoration of title to the goods to themselves.   It seems to me they, therefore, stand as having paramount claims in a court of equity to their particular goods, and consequently to their proceeds now in the custody of the officer of the court.   This follows from their being the real owners of the goods, and while, under ordinary circumstances, the sheriff would not be enjoined from proceeding under an execution, yet the plaintiff having brought the whole controversy into court it may be disposed of as justice and equity dictate.

It is claimed, however, by the learned counsel for the plaintiff that the only remedy open to the defendants upon the state of facts disclosed by the submitted record was in trover against the sheriff. That such action would lie I think is clear, and I also concur in the argument that nothing in the pleadings in this cause, or in any of the papers now before the court, can turn the defendants' claims into technical actions of conversions against the sheriff or the plaintiff. But I apprehend that the subject-matter of this action does not come before the court upon a question of pleading, nor are these claims

to be disposed of otherwise than according to the equities as they appear by the concession of all the respective parties. They have been brought before the court by the act of the plaintiff in instituting the suit, and in so doing it has shown that the lien of its process upon the goods has been superseded, and it has also shown that the clear title of the defendants to their goods has been restored, and it would be unjust for the plaintiff to insist that the defendants should be deprived of their equitable rights when the plaintiff itself has no superior equitable claim to have the proceeds of the goods applied to the payment of its debt. A court of equity will not aid in applying the property of a third party to the payment of a debt of a stranger, and while the defendants gain nothing by their replevin suits they may stand here on their ownership.

But while I am of the opinion, upon all the facts, that the defendants are entitled to protection, it can only be granted to the extent of the value of their merchandise which entered into the manufacture of the garments sold. It is true that the general rule of law respecting the accretion and confusion of property is that, as between an innocent party and a wrongdoer, where the property of the former has been mingled with, and cannot be separated from, that of the latter, the whole bulk shall be adjudged to the former, and it is a rule of strict application between the parties to the transaction. But where the interests of other persons intervene, and full protection can otherwise be given to the innocent person whose goods are thus wrongfully used, the rule should not be applied. The other parties in this case are the creditors of Levy Brothers. It is sufficient for the indemnity and protection of the defendants in this cause that so much of the proceeds of the goods be adjudged to them as is equal to the price at which they sold the goods to Levy Brothers, and interest, and to that extent a decree will be directed in their favor.

Before dismissing the subject it is proper to consider a contention made by the defendants, that notwithstanding the general rule concerning the right to maintain replevin, as laid down in the *Wise* case, a particular rule of decision has been made in this case recognizing the validity of the actions brought by these defendants against the sheriff, and that, therefore, the defendants have a legal as well as equitable claim to relief. This contention is based upon

certain interlocutory or collateral proceedings which were had in this case concerning a title to piece or unmanufactured goods, which by the consent of the plaintiff were restored to the defendants. I do not think any of these proceedings should be regarded as a final adjudication of the question as to the defendants' right to the possession of all the goods manufactured, as well as unmanufactured.

It is quite apparent from an inspection of these papers that it was the intention of the parties and of the court in making its orders upon the subject, to separate the two classes of goods, and, while the right of possession of the goods released from the suit was recognized, it is expressly provided that the proceeds of other goods (and that refers to the manufactured articles) should be brought into court to await its final order. The clear inference from this is that neither of the parties contemplated that any estoppel should arise by reason of this merely interlocutory proceeding. This question was raised as one of evidence, and is disposed of on the record by the rejection of the documentary evidence which was offered to sustain this claim of an estoppel by adjudication.

One other question was discussed to which reference should be made, and that is the claim of the learned counsel for the defendants, that, by the amendment of the Code of Civil Procedure, chapter 305 of the Laws of 1894, modifying the provisions of section 1690, the decision in the case of *Wise* v. *Grant* has become nullified, and that this amendment has a retroactive operation and consequently affects this case, so that the actions of replevin, although untenable when brought, have become established by virtue of this subsequent legislation. I do not consider this amendment as having any retrospective effect, nor do I think the intention is to be attributed to the Legislature of enacting a new rule of law to control a pending cause, for such a construction would be to confer a right of possession, which is a substantial legal right, as contra-distinguished from a mere remedy, and which right had no existence at the time replevin suits were brought. The defendants' rights are purely equitable and they are considered and recognized only in that light.

A decree in accordance with those views may be entered, to be prepared by the attorney for the defendants, and to be settled on two days' notice.