(19 App. Div. 329.)

MERRIAM v. WOOD & PARKER LITHOGRAPHING CO. et al.

(Supreme Court, Appellate Division, First Department. July 2, 1897.) '

1. ATTACHMENT—FRAUDULENT DISPOSITION OF PROPERTY.
It is no fraud, on the part of the debtor, to secure his creditors; and evidence that an embarrassed debtor has transferred property to secure creditors whom he desired to secure, and to pay pressing debts, without proof of an attempt to secrete property or to defraud creditors, is not sufficient to justify an attachment on the ground of fraudulent disposition of property.

2. SAME—MOTION TO VACATE.
An allegation, in the affidavit of the moving party, that he is the assignee of attached property, is sufficient to give him a standing in court to move to vacate the attachment.

Appeal from trial term.

. Action by Edward J. Merriam against the Wood & Parker Lithographing Company and Benoni Lockwood, Jr., assignee. From an order denying a motion to vacate an attachment, the assignee appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

J. J. Townsend, for appellant.
A. R. Latson, for respondent.

VAN BRUNT, P. J. This action was brought to recover for goods sold and delivered. An attachment was obtained, on the alleged ground that the defendant had assigned and disposed of its property with intent to hinder, delay, and defraud creditors, and was about to do so with like intent. The attachment was obtained upon the affidavit of the plaintiff, the material allegations of which, after setting out the cause of action, were upon information and belief; said information being obtained from one Parker, who had been a vice president of the defendant, and was then an employé thereof, and from one Preston, the then vice president of the defendant corporation, and a director thereof, and upon the affidavit of one Latson, who states that he was present at a conversation between Merriam and Parker, and also at a conversation between Merriam, Parker, and Preston, and that he heard them make the statements set

forth in the affidavit of Merriam.   It is undoubtedly true that, for a period long prior to the granting of the attachment in question, the defendant had great difficulty in meeting its obligations and continuing its business, and it resorted to various devices for the purpose of keeping quiet its creditors, and raising money to meet its most pressing obligations.   It is also true that it assigned certain of its book accounts and property to certain of its creditors; but it is nowhere claimed that any such transfers were made to persons who were not creditors, or for the purpose of securing fictitious debts.   All the allegations from which any possible inference of fraudulent intent could be drawn, which were contained in the affidavits of Merriam and Latson, are denied by Parker and Preston in the most positive terms, and explanations given of the circumstances attending the transactions which show that they were entirely free from any fraudulent intent.   It is no fraud upon the part of a debtor to secure his creditor.   He has a right to transfer his property as security for his debts, and to make pledges of the same for the same object, where such transfers and pledges are not made with the intent of hindering and delaying his other creditors.   In order that fraud should be established, there must be evidence from which no inference of an honest purpose can be drawn.   An examination of the record shows undoubtedly some suspicious circumstances; but when we consider all of the evidence which has been offered, both upon the part of the plaintiff and upon the part of the defendant, it is apparent that all that was done by this corporation was done for the purpose of securing creditors whom they desired to secure, and for the payment of debts which were pressing upon it.   We find nowhere any attempt to secrete its property from its creditors, or to defraud its creditors, but merely, as already stated, an application of its property to pay certain creditors whom it desired to secure. This was by no means a fraudulent disposition of its property, such as would entitle the plaintiff to the extraordinary relief which has been granted to him.

It is urged upon the part of the plaintiff that the appealing defendant, the assignee of the debtor, has no standing in court to move to vacate this attachment.   We cannot see the force of this objection.   He alleges that he is the assignee of the property, and there is no denial of this position.   He was not required to bring his title into court until it was questioned; and an allegation of a fact within the personal knowledge of a witness is always sufficient, in the absence of question, to establish the same.   Upon an examination of the whole case, therefore, it would seem that the plaintiff had failed to make out a fraudulent intent in the various dispositions of property set out in the papers, and consequently the attachment should have been set aside.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the attachment granted, with $10 costs.   All concur.