(59 App. Div. 570.)

MARX v. CIANCIMINO.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

**1. ATTACHMENT—LEVY—VACATION—DEFENDANT'S ASSIGNEE.**

Where an attachment was levied on defendant's property, his assignee is entitled to make a motion to vacate the levy.

**2. SAME—ELECTION OF REMEDIES.**

Where, after defendant's motion to vacate the levy of an attachment had been denied, defendant's assignee brought an action against the sheriff to recover the value of the property levied on upon the ground that he had "detained and converted said money to his own use," the assignee thereby recognized the validity of the attachn ,. and was estopped from asserting that a valid levy had not been made under it.

Appeal from special term, New York county.

Action by Alfred P. Marx against Peter Ciancimino. From an order vacating a levy under a warrant of attachment, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Henry Schmitt, for appellant.

Frederick Mattocks, for respondent.

PER CURIAM. We agree with the learned justice sitting at special term that the Peter Ciancimino Company, as the assignee of the defendant, could move to vacate the levy made under the attachment. Merriam v. Parker Co., 19 App. Div. 329, 46 N. Y. Supp. 484. But the moving papers upon which the order vacating the levy was based show that after a motion to vacate the attachment, made by the defendant, had been denied, the Peter Ciancimino Company brought an action against the sheriff, which is still pending, to recover the value of the property levied upon, upon the ground that the sheriff had by such levy "detained and converted said money to his own use." We are of the opinion that by the bringing of such action the Peter Ciancimino Company elected to treat the sheriff as its debtor to the extent of the value of the property levied upon, and it thereby recognized the validity of the attachment, and by reason of such election it was thereafter estopped from asserting that a valid levy had not been made under it. Haggart v. Morgan, 5 N. Y. 423; Diossy v. Morgan, 74 N. Y. 11. An election once made is final, and the party making it cannot thereafter change his position to the prejudice of the opposite party. Moller v. Tuska, 87 N. Y. 166; Bach v. Tuch, 126 N. Y. 53, 26 N. E. 1019. The demand made by the respondent for the return to it of the property attached, followed by the bringing of the action against the sheriff, sufficiently evidences an election on its part to treat the attachment and levy made thereunder as a valid one, and to enforce whatever claim it had by reason of such levy against the sheriff. Conrow v. Little, 115 N. Y. 387, 22 N. E. 346; Heidelbach v. Bank, 87 Hun, 117, 33 N. Y. Supp. 794. If, as respondent asserts, there was no money held by the insurance companies upon which a levy could be made, then the attempted levy was ineffectual, and there was no levy to vacate.

We are of the opinion that the order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the levy denied, with $10 costs.